## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4098 | **DATE** | 7/29/2008 |
| **CASE TITLE** | Martin vs. Potter | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff Cheryl Martin's application for leave to proceed *in forma pauperis* [4] is granted and the Court requests that the U.S. Marshal's office effect service of her complaint. Plaintiff's motion for appointment of counsel [5] is denied without prejudice.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff Cheryl Martin has filed an application for leave to proceed *in forma pauperis* (DE 4) and a motion for appointment of counsel (DE 5). Based on the representations in Ms. Martin's application and financial affidavit, the Court grants her application for leave to proceed *in forma pauperis (*DE 4) and requests that the U.S. Marshal's office effect service of her complaint.

Plaintiff's motion for appointment of counsel (DE 5) is denied without prejudice. Indigent parties in civil rights actions who are unable to obtain an attorney may apply to the court for appointment of counsel under 28 U.S.C.§ 1915(e)(1). However, civil litigants have no constitutional or statutory right to counsel in federal court. See *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *Merritt v. Faulkner,* 697 F. 2d 761, 763 (7th Cir. 1983). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997).

In deciding whether to appoint counsel, the court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try it himself or herself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656 (relying on *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)). The Court should consider the capabilities of Plaintiff to litigate his or her own case in deciding whether or not to appoint counsel. *Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). It should also be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits.

**STATEMENT**

After considering the pertinent factors, the Court concludes that appointment of counsel is not warranted at this time. To begin with, Ms. Martin's motion does not demonstrate that she has made any efforts to retain counsel, nor has she demonstrated that she has been "effectively precluded from making such efforts." *Gil*, 381 F.3d at 656. Moreover, the Court cannot determine at this early stage of the case whether Ms. Martin would be capable of litigating this case herself or whether assistance of counsel would provide a substantial benefit to the Court or the parties. Therefore, Ms. Martin's motion for appointment of counsel is denied without prejudice. The court may reconsider the appointment of counsel issue at a later stage of the case if it appears that the standards set forth in *Pruitt* and *Gil* are satisfied.