# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4098 | **DATE** | 8/27/2008 |
| **CASE TITLE** | Martin vs. Potter | | |

### DOCKET ENTRY TEXT

Plaintiff's motion to amend her complaint [10] is denied. However, as explained below, the Court accepts the filing and the documents attached therein and construes the motion as an effort to file documents referenced in her complaint.

■[ For further details see text below.]   Docketing to mail notices.

### STATEMENT

The Court has before it Pro Se Plaintiff's August 19, 2008 filing, which is styled as a motion to amend her complaint [10]. Plaintiff has attached to her filing three documents: (i) her original EEOC complaint dated February 20, 2001, (ii) a list of attorneys whom she has contacted, and (iii) her EEOC right to sue letter, dated April 22, 2008.

The Court accepts the filing, but denies the motion because there is no need to formally amend the complaint at this time. Both the 2001 EEOC complaint and the 2008 right to sue letter are referenced in the complaint. Plaintiff omitted to check the boxes indicating whether the complaint and the agency decision were attached or would be filed within 14 days, but given Plaintiff's pro se status, the Court construes the August 19 filing as an effort to file the documents referenced in the complaint and accepts those documents even though they were filed a week late.

The list of attorneys is pertinent to Plaintiff's motion for appointment of counsel [5], which the Court has denied without prejudice [6]. The attorney list overcomes one obstacle to obtaining counsel (because it shows that Plaintiff has made some effort to retain counsel), but not the others. Because the Court still cannot determine at this early stage of the case whether Ms. Martin would be capable of litigating the case herself or whether assistance of counsel would provide a substantial benefit to the Court or the parties, the Court has no reason for reconsidering its previous order denying the motion for appointment of counsel without prejudice.

Parenthetically, and for the benefit of Pro Se Plaintiff, the Court notes that a notice of motion must be filed with each motion and the motion must be set for presentation before the Court on a specific date and at a specific time. Judge Dow ordinarily hears motions on Tuesdays, Wednesdays, and Thursdays at 9:15 a.m. and requires filing and service of the motion at least three business days before presentment.